

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2003

# Brosnahan Bldrs Inc v. Harleysville Mutl

Precedential or Non-Precedential: Non-Precedential

Docket 02-1402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Brosnahan Bldrs Inc v. Harleysville Mutl" (2003). *2003 Decisions.* Paper 874.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/874

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-1402

BROSNAHAN BUILDERS, INC.;
KEVIN BROSNAHAN;
LINDA BROSNAHAN,

Appellants

v.

HARLEYSVILLE MUTUAL INSURANCE
COMPANY

Appeal from the United States District Court
for the District of Delaware
(Civ. No. 00-cv-00339)
District Court: Hon. Sue L. Robinson

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2002

Before: NYGAARD, ALITO and McKEE, Circuit Judges.

(Filed: January 21, 2003)

OPINION

McKEE, Circuit Judge.

Brosnahan Builders, Inc., Kevin Brosnahan and Linda Brosnahan (collectively

"Brosnahans") appeal the district court's grant of summary judgment to Harleysville Mutual

Insurance Company. We will affirm.

**I.**

The Brosnahans, who are in the business of building single-family homes, filed this

action in the district court on March 24, 2000, seeking a declaratory judgment that Harleysville, their commercial general liability insurer, must defend them in an underlying lawsuit, *Pinkert v. John H. Olivieri, P.A.*, Civ. No. 99-380 (the "*Pinkert* complaint"), which was filed in the district court on June 16, 1999. The *Pinkert* complaint alleged breach of contract and several counts of fraud arising out of a claim of defective workmanship by the Brosnahans under a contract to build a home for the Pinkerts in Bethany Beach, Delaware, and it requested recovery of damages for the cost of repairing and replacing the allegedly shoddy workmanship the Brosnahans performed.

In the *Brosnahan* declaratory judgment action, the parties eventually filed cross-motions for summary judgment. On March 30, 2001, the district court denied the Brosnahans' motion and granted Harleysville's motion. The court held that the *Pinkert* complaint did not contain allegations of "property damage" caused by an "occurrence" because it alleged breach of contract and claims of defective workmanship. Accordingly, the court concluded that the allegations did not trigger any duty to defend under plaintiffs' commercial general liability policy. The district court also found that Exclusions k(5) and (n) applied to bar coverage to the Brosnahans, thus precluding any duty to defend the Brosnahans at the outset of the *Pinkert* litigation. *Brosnahan Builders, Inc. v. Harleysville Mutual Ins. Co.*, 137 F.Supp.2d 517, 527-28 (D. Del. 2001).

The Brosnahans later moved to amend the judgment, but the district court denied the motion. Prior to the court's denial of that motion Harleysville entered into a settlement agreement with the Pinkerts to dismiss all claims against the Brosnahans in exchange for a

payment of $170,000 pursuant to its previously issued reservation of rights. The

Brosnahans then argued that Harleysville had waived its right to contest its initial duty to

defend them in the underlying action because of its participation in the settlement. The

district court disagreed, holding that Harleysville's "indemnification of [the Brosnahans] . .

. does not constitute a clear waiver of [Harleysville's] challenge to the duty to defend."

Dist. Ct. Order of Jan. 18, 2002 (App. at 27). This appeal followed.

Our review of the district court's grant of summary judgment is plenary. *Huang v.*

*BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001). In its Memorandum Opinion, the

district court carefully and completely explained its reasons for finding that Harleysville

had no duty to defend the Brosnahans in the underlying *Pinkert* action, and we can add little

to the district court's thoughtful analysis. Accordingly, we will affirm the district court's

grant of summary judgment to Harleysville substantially for the reasons set forth in the

district court's Memorandum Opinion without further elaboration.

We will also affirm the district court's finding that Harleysville's participation in

the settlement pursuant to its reservation of rights does not constitute a waiver of its right

to contest its initial duty to defend the Brosnahans in the underlying *Pinkert* action. When

first made aware of the *Pinkert* complaint, Harleysville disclaimed coverage based upon its

belief that the allegations of the complaint did not trigger a duty to defend. Nonetheless,

the Brosnahans and Harleysville executed a non-waiver agreement which permitted

Harleysville to investigate the Pinkerts' claim and reserved all of Harleysville's rights

under the commercial general liability policy. When the Brosnahans filed a third-party

3

complaint against subcontractors in October of 2000, Harleysville was presented for the first time, through the averments in the third-party complaint, with the possibility that subcontractors negligently and accidentally caused damage to the building.   At that point, Harleysville, although not bound to do so by the reservation of rights and non-waiver agreement, undertook the defense of the Brosnahans.   Based on information Harleysville developed in the course of the representation, viz., that a previously unidentified subcontractor negligently attached drainpipes to the building roof scuppers in a manner which caused water damage to the interior of the building, Harleysville settled the *Pinkert* action on behalf of the Brosnahans pursuant to its reservation of rights and non-waiver agreement.  However, Harleysville did not waive its right to contest any duty to defend from the time of the filing of the *Pinkert* complaint to the date of the assumption of the defense.

## II.

 For the above reasons, we will affirm the district court.

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/Theodore A. McKee

Circuit Judge

5